IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE:

    JOSEPH S. SAPP,                            Bankruptcy No. 05-66643
                                              Adversary Proceeding No. 06-10
        Debtor.

BAYER HERITAGE FEDERAL CREDIT UNION,

        Plaintiff,

v.                                          Civil Action No. 5:07CV67
                                                          (STAMP)
JOSEPH S. SAPP,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO DISMISS**

I.  Procedural History

The appellant, Joseph S. Sapp ("Sapp"), seeks relief from an adverse judgment order entered on March 29, 2007 by the United States Bankruptcy Court for the Northern District of West Virginia. In that order, Bankruptcy Judge Patrick M. Flatley excepted from the Chapter 7 bankruptcy discharge of Sapp's debts a $21,803.00 debt, which Sapp owed to Bayer Heritage Federal Credit Union ("Bayer"). Sapp filed a notice of appeal on April 19, 2007 and subsequently filed a memorandum in support of the appeal. Bayer subsequently filed a response, arguing that Sapp's notice of appeal was untimely, thereby divesting this Court of jurisdiction. Sapp filed no reply.

This Court has reviewed the parties' pleadings, the record, and the relevant law, and this matter is now ripe for review. For the reasons set forth below, this Court finds that it lacks jurisdiction over Sapp's appeal and that his appeal must therefore be dismissed.

II. Facts

On October 14, 2005, Sapp filed a Chapter 7 bankruptcy petition. On January 9, 2006, Bayer--then known as Bayer Heritage Federal Credit Union--filed an adversary complaint against Sapp in the United States Bankruptcy Court for the Northern District of West Virginia. In its complaint, Bayer alleged that the $21,803.00[1] debt that Sapp owed it should be excepted from Sapp's Chapter 7 discharge, pursuant to section 523(a)(2)(B) of the Bankruptcy Code.[2] According to Bayer, Sapp had obtained the use of

---

[1] The amount of the debt was not disputed by the parties in the bankruptcy proceedings.

[2] Section 523(a)(2)(B) of the Bankruptcy Code provides:

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt--

. . .

(2) for money . . . to the extend obtained by, by--

(B) use of a statement in writing--

(i) that is materially false;
(ii) respecting the debtor's or an insider's financial condition;

the $21,803.00 through a materially false credit application; Bayer had relied upon the false information in extending credit to Sapp; and the false information was intended to be used as a loan that Sapp would not otherwise be entitled to receive from Bayer.

After conducting a trial on January 8, 2007, and upon review of post-trial briefings by the parties, the Bankruptcy Court found that Bayer had established, by a preponderance of the evidence, the required elements to prevail on its claim to except the debt from discharge. Accordingly, on March 29, 2007, the Bankruptcy Court entered an order granting Bayer's request to except the $21,803.00 debt from the Chapter 7 discharge. This appeal followed.

### III. Applicable Law

Pursuant to 28 U.S.C. § 158, a party may appeal to the district court the final judgments, orders, and decrees of a bankruptcy court. 28 U.S.C. § 158(a)(1). "An appeal from a final judgment, order or decree of a bankruptcy judge to a district court . . . shall be taken by filing a notice of appeal with the clerk

---

> (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied;
> (iv) that the debtor caused to be made or published with intent to deceive.

11 U.S.C. § 523(a)(2)(B).

3

within the time allowed by Rule 8002" of the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. P. 8001(a). Rule 8002, in turn, mandates that the notice of appeal be filed within ten days of the entry of the judgment, order, or decree from which the appeal is taken. Fed. R. Bankr. P. 8002(a).

On appeal from the bankruptcy court, the district court acts as an appellate court and reviews the bankruptcy court's findings of fact for clear error and conclusions of law de novo. See In re Johnson, 960 F.2d 396, 399 (4th Cir. 1992); Travelers Ins. Co. v. Bryson Prop., XVIII (In re Bryson Prop., XVIII), 961 F.2d 496, 499 (4th Cir.), cert. denied sub nom., Bryson Prop., XVIII v. Travelers Ins. Co., 506 U.S. 866 (1992).

## IV. Discussion

The filing of a timely notice appeal pursuant to Bankruptcy Rule 8002 is a jurisdictional prerequisite to appeal. See Smith v. Dairymen, Inc., 790 F.2d 1107, 1109 (4th Cir. 1986) (citing In re LBL Sports Center, Inc., 684 F.2d 410, 412 (6th Cir. 1982); Matter of Ramsey, 612 F.2d 1220, 1221-22 (9th Cir.)); see also In re Simeon, 421 F.3d 167 (2d Cir. 2005). Thus, to invoke a district court's jurisdiction over a bankruptcy appeal, a party must file the notice of appeal within ten days of the bankruptcy court's final judgment, order or decree. Fed. R. Bankr. P. 8001(a). However, Bankruptcy Rule 8002(c) provides certain exceptions to the ten-day limitation on filing a notice of appeal. If a party

4

submits a request for an extension before the ten-day limitation has passed, the bankruptcy court "may extend the time for filing the notice of appeal . . . for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule." Fed. R. Bankr. P. 8002(c). Additionally, upon a showing of excusable neglect, a bankruptcy court may grant "a request made no more than 20 days after the expiration of the time for filing a notice of appeal . . . ." Id.

In this case, Sapp has forfeited his right to appeal by failing to file a timely a notice of appeal or by timely requesting an extension of time within which to do so. The Bankruptcy Court entered its final judgment order on March 29, 2007. Sapp filed his notice of appeal on April 19, 2007. More than ten days elapsed between the entry of the order and the filing of the notice of appeal. Consequently, Sapp failed to meet the filing deadline prescribed by Bankruptcy Rule 8002(a). Moreover, Sapp failed to request an extension, either before the ten-day period had passed or, upon a showing of excusable neglect, within the twenty days allotted after the expiration of the original ten-day period. Therefore, Sapp did not avail himself of the exceptions for late filing provided in Rule 8002(c). For these reasons, Sapp's notice of appeal was untimely filed, and this Court concludes that it lacks jurisdiction to hear his appeal.

## V. <u>Conclusion</u>

Because Sapp failed to file a timely notice of appeal, this Court finds that it lacks jurisdiction over this matter. Accordingly, it is ORDERED this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 31, 2008

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE